UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Roberto Antonio CABRERA MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> Edward Newman, Acting Director of Buffalo Field Office of Immigration and Customs Enforcement; <br> Kristi Noem, Secretary of the Department of Homeland Security; <br> Pamela Bondi, Attorney General, <br><br><br> in their official capacities, <br><br> Respondents. | Case No.   1:25-cv-01110 <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Roberto Antonio Cabrera Martinez, is an asylum seeker from Nicaragua.

2. On March 3, 2023, Petitioner entered the U.S. under Humanitarian Parole. Petitioner's Parole was valid for two years.

3. On December 17, 2024, Petitioner filed a joint asylum application with his spouse based on political persecution in Nicaragua. They feared imprisonment upon return, as they were included in the Ministry of Exterior's list of "traitors."

4. **Just recently**, on October 1, 2025, Petitioner Received Employment Authorization Document (EAD) valid under pending asylum application. The fact that Petitioner was eligible for his work permit, was due to his application for asylum.

1

5. On October 25, 2025, while driving to work approximately half a mile from his residence in Albany, **without warning or apparent justification,** Immigration and Customs Enforcement ("ICE"), in a vehicle with sirens, stopped Mr. Roberto Antonio Cabrera Martinez. ICE subsequently took Petitioner into custody, at the Malta facility.

6. On October 26, 2025, Petitioner was transferred from the Malta facility, to the Montgomery facility.

7. On October 27, 2025, Petitioner was transferred from the Montgomery facility, to the Batavia Detention Center. Upon information and belief, Petitioner remains detained at the Batavia Detention Center, as of the time of the filing of this Habeas Petition.

8. Petitioner has no criminal record.

9. Petitioner's detention was unlawful and unwarranted, since he was not in removal proceedings at the time of his arrest; his legal status has not changed from the time he entered the United States on March 3, 203; and the immigration authorities failed to conduct a proper individual assessment of Mr. Roberto Antonio Cabrera Martinez prior to his detention.

10. Pursuant to 28 U.S.C. § 2243, Mr. Roberto Antonio Cabrera Martinez, requests that the Court issue an Order to Show Cause directing ICE to file a return "within three days[,] unless for good cause additional time, not exceeding twenty days, is allowed," justifying its unexplained decision to detain Mr. Roberto Antonio Cabrera Martinez, in apparent excess of statutory authority.

11. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

**JURISDICTION**

12. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

13. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

14. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

**VENUE**

15. Venue is proper because—on information and belief—Petitioner is detained at 4250 Federal Drive Batavia, NY 14020, which is within the jurisdiction of this Court.

**PARTIES**

16. Petitioner, Roberto Antonio Cabrera Martinez, is a national of Nicaraguan. He entered the U.S. through Miami International Airport (MIA) under Humanitarian Parole.

17. On October 25, 2025, while driving to work approximately half a mile from his residence in Albany, without warning or apparent justification, Immigration and Customs Enforcement ("ICE"), in a vehicle with sirens, stopped Mr. Roberto Antonio Cabrera Martinez. Officers asked Petitioner whether he was a U.S. citizen and took him into custody, at the Malta facility.

18. On October 26, 2025, Petitioner was transferred from the Malta facility, to the Montgomery facility. On October 27, 2025, Petitioner was transferred from the Montgomery

3

facility, to the Batavia Detention Center. Upon information and belief, Petitioner remains detained at the Batavia Detention Center, as of the time of the filing of this Habeas Petition.

19. Edward Newman is the Acting Director of ICE's Buffalo Field Office. In his official capacity, he is charged with carrying out the functions of that office, including by making and overseeing decisions regarding immigration detention throughout the Buffalo, including the Batavia Detention Center. He therefore has custody over Petitioner, in that he can order his release from ICE custody.

20. Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), which is ICE's parent agency. In her official capacity, she is charged with making determinations as to removability, asylum eligibility, and immigration custody, all of which are binding on DHS. She therefore has constructive custody over Petitioner, in that she has the capacity to order DHS to release Petitioner from custody.

21. Pamela Bondi is the Attorney General. In her official capacity, she is charged with making determinations as to removability, asylum eligibility, and immigration custody, all of which are binding on DHS. She therefore has constructive custody of Petitioner, in that she has the capacity to order DHS to release Petitioner

## STATEMENT OF FACTS

22. Roberto Antonio Cabrera Martinez, is an asylum seeker from Nicaragua.

23. On March 3, 2023, Petitioner entered the U.S. under Humanitarian Parole. Petitioner's Parole was valid for two years.

24. On December 17, 2024, Petitioner filed a joint asylum application with his spouse based on political persecution in Nicaragua. They feared imprisonment upon return, as they were included in the Ministry of Exterior's list of "traitors."

25.     **Just recently**, on October 1, 2025, Petitioner Received Employment Authorization Document (EAD) valid under pending asylum application.

26.     On October 25, 2025, while driving to work approximately half a mile from his residence in Albany, **without warning or apparent justification,** Immigration and Customs Enforcement ("ICE"), in a vehicle with sirens, stopped Mr. Roberto Antonio Cabrera Martinez. Officers asked Petitioner whether he was a U.S. citizen and took him into custody, at the Malta facility.

27.     On October 26, 2025, Petitioner was transferred from the Malta facility, to the Montgomery facility.

28.     On October 27, 2025, Petitioner was transferred from the Montgomery facility, to the Batavia Detention Center. Upon information and belief, Petitioner remains detained at the Batavia Detention Center, as of the time of the filing of this Habeas Petition.

29.     However, Mr. Roberto Antonio Cabrera Martinez, fears that ICE intends to transfer him to a remote detention facility beyond the reach of his family, and attorneys, here in New York. Cf., e.g., *Ozturk v. Hyde,* 136 F.4th 382 (2d Cir. 2025) (attempted transfer to ICE detention center in Louisiana); *Mahdawi v. Trump,* 136 F.4th 443 (2d Cir. 2025) (same).

## LEGAL FRAMEWORK

30.     Mr. Roberto Antonio Cabrera Martinez, detention Is Unlawful Because It Violates His Due Process Rights.

31.     As the Supreme Court has repeatedly instructed, freedom "from government custody, detention, or other forms of physical restraint" is at "the heart" of what the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); see also *Foucha v. Louisiana,* 504

U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.").

32. This is particularly true in the context of civil detention. See, e.g., *Addington v. Texas,* 441 U.S. 418, 425 (1979) ("This Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."); *Kansas v. Hendricks,* 521 U.S. 346, (1997) (requiring "strict procedural safeguards" to justify involuntary civil commitment of certain sex offenders); Foucha, 504 U.S. at 81-82, 86 (holding unconstitutional a state civil commitment "statute that place[d] the burden on the detainee to prove that he is not dangerous").

**A. DHS is Detaining Petitioner in Violation of His <u>Procedural</u> Due Process**

33. To determine whether a civil detention violates a detainee's procedural due process rights, courts apply the three-part test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976). See *Velasco Lopez v. Decker,* 978 F.3d 842, 851 (2d Cir. 2020) (applying Mathews test to a challenge involving discretionary noncitizen detention).

34. Pursuant to Mathews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews,* 424 U.S. at 335.

35. The first Mathews factor requires consideration of the private interest affected by Respondents' detention of Petitioner. This factor weighs heavily in Petitioner's favor because Mr.

Roberto Antonio Cabrera Martinez, interest in being free from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld,* 542 U.S. 507, 529 (2004).

36. As the court in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 (DEH), stated, "the most significant liberty interest there is—the interest in being free from imprisonment" (quoting Velasco Lopez v. Decker, 978 F.3d 842, 851 (2d cir. 2020)).

37. **Furthermore, the Court**, in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 (DEH), stated that "before the Government may exercise such discretion to detain a person, '§1226(a) and its implementation regulations **require ICE officials to make an individualized custody determination**'". (emphasis added) (quoting Velesaca v. wolf, No. 20 Civ. 2153, 2020 WL 7973940 (2d cir. Oct. 13, 2020).

38. As in *Carlos Javier Lopez Benitez v. Francis,* **here too, no individualized determination as to the factors such as his high flight risk or dangerousness occurred** before ICE arrested Mr. Roberto Antonio Cabrera Martinez, on October 25, 2025.

39. The second Mathews factor requires courts to assess whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks. There is very little doubt that the second prong of Mathews favors Petitioner, as the challenged detention, overwhelmingly creates a risk of erroneous deprivation of individuals' private rights.

40. Regarding the value of additional safeguards, the court in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 stated that "[a] person's liberty cannot be abridged without adequate procedural protections".

41. The third Matthews factor, the Government's interest, also weighs in favor of granting this petition. The Government's only legitimate interest at stake is its interest in ensuring

that people facing removal do not endanger the public or abscond during the pendency of their removal cases.

42. In our case, it is clear that Petitioner does not endanger the public, as he has no criminal record. Moreover, there is no concern that Petitioner would abscond during the pendency of their removal cases, as he is not in removal proceedings.

43. Lastly, Mr. Roberto Antonio Cabrera Martinez Procedural Due Process rights have been violated since he was detained when he was not in any removal proceedings. Under the plain text of 8 U.S.C. § 1226(a), ICE's authority to detain arises only 'pending a decision on whether the alien is to be removed'. No such proceedings existed here.

44. In fact, our case, mirrors *Muñoz Materano v. Arteta,* No. 25-cv-6137 (S.D.N.Y. Sept. 12, 2025), where the court found ICE's detention of a noncitizen ultra vires because it occurred before jurisdiction had vested. As in Muñoz Materano, ICE's actions here exceeded its statutory authority and violated the Fifth Amendment's guarantee of due process. Mr. Gopie's detention was therefore unlawful from its inception and cannot be justified by any post-hoc filing of an NTA.

**B. Continued Detention Of Petitioner Violates His Substantive Due Process Right To Be Free From Arbitrary Detention.**

45. At a bare minimum, "the Due Process Clause includes protection against unlawful or arbitrary personal restraint or detention." *Zadvydas,* 533 U.S. at 718 (Kennedy, J., dissenting) (emphasis added).

46. To meet the strictures of due process, Mr. Roberto Antonio Cabrera Martinez, detention must "bear[] a reasonable relation to [the] purpose[s]" of civil immigration detention, which the Supreme Court has identified as mitigating flight risk and mitigating danger to the

community. *See Zadvydas,* 533 U.S. at 690 (quoting *Jackson v. Indiana,* 406 U.S. 715 (1972)) (quotation marks omitted).

47. Respondents will not be able to show that Petitioner's detention without bond is necessary to prevent flight or to mitigate danger.

## FIRST CLAIM FOR RELIEF
VIOLATION OF PROCEDURAL DUE PROCESS

48. Petitioner hereby repeats and realleges all preceding allegations in the instant Petition as if fully set forth herein.

49. The Due Process Clause of the Fifth Amendment protects the procedural rights of all persons in the United States, including noncitizens, from unlawful civil detention. Applying the three-part test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and in *Velasco Lopez v. Decker,* 978 F.3d 842, 851 (2d Cir. 2020), Petitioner's has been deprived of his right to procedural due process, and he is therefore entitled to immediate release.

50. Moreover, according to the Court, in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 (DEH), before the Government can exercise the discretion to detain even a non-citizen, §1226(a) and its implementation regulations require immigration officials to make an **individualized custody determination**, **as to the factors such as his high flight risk or dangerousness occurred before ICE arrests an alien.**

## SECOND CLAIM FOR RELIEF
**Violation of Fifth Amendment Right to Due Process**

51. Petitioner hereby repeats and realleges all preceding allegations in the instant Petition as if fully set forth herein.

9

52. The Due Process Clause of the Fifth Amendment protects the substantive right of all persons in the United States, including noncitizens, to be free from unjustified deprivations of physical liberty. U.S. CONST. amend. V; see generally *Reno v. Flores,* 507 U.S. 292 (1993).

53. "[G]overnment detention violates the [Due Process Clause] unless the detention is ordered in a criminal proceeding with adequate procedural protections, or, in certain special and narrow nonpunitive circumstances, where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." Zadvydas, 533 U.S. at 690 (quotation marks and citations omitted).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court:

(1) Assume jurisdiction over his petition;

(2) Enjoin Respondents from transferring Petitioner outside of this judicial district;

(3) Direct Respondents to show cause within three days (or in no event more than twenty days) why the Petition should not be granted;

(4) Order Petitioner's immediate release during the pendency of these proceedings;

(5) Declare Petitioner's ongoing detention to be violative of 8 U.S.C. § 1231 as well as the Due Process Clause of the Fifth Amendment;

(6) Issue a writ of habeas corpus directing Respondents to release Petitioner;

(7) Award reasonable attorney's fees and costs to Petitioner; and

(8) Provide such other relief as the Court deems just and proper.

Dated:  October 29, 2025
       Queens, New York

                                                               /s/ Reuben S. Kerben, Esq.
                                                               Reuben S. Kerben, Esquire

## **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

      I represent Petitioner, Mr. Roberto Antonio Cabrera Martinez, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 29th day of October, 2025.

                                                                /s/ Reuben S. Kerben